## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

R. E. Lee Electric Co., Inc.

v.

C. & O. Railway et al.

May 23, 1967

By JUDGE ALEX H. SANDS, JR.

The motion for judgment in this case seeks damages alleged to have been sustained by plaintiff due to delay in delivery of a transformer purchased by plaintiff from the defendant Westinghouse and transported, as terminal carrier, by the defendant C. & O. (The question of when the delivery actually was effected has a material bearing upon the issue before the Court upon demurrer.)

The motion, in essence, together with such inferences as may properly be drawn from the allegations thereof, alleges that the plaintiff contracted with Westinghouse for the purchase of the unit and the delivery thereof to the job site at Langley, Virginia; that it was transported by C. & O. Ry. during the course of which transportation it received sufficient impact to register a reading upon an impact meter attached to the unit; that upon arrival at its intended destination the car transporting it was detached at the job site; that before plaintiff accepted delivery, plaintiff was instructed by Westinghouse not to accept the unit until an inspection could be made of the unit by Westinghouse to determine its condition; that pursuant to such instructions plaintiff did refuse acceptance of the unit until cleared by Westinghouse; as a result of the delay occasioned thereby demurrage and

other loss was sustained; that the inspection did not reveal any damage to this unit.

Both defendants demur.

The demurrer filed by C. & O. is well grounded. Its obligation to transport without damage to the unit was performed and there is no allegation of any other specific contractual provision. If, as plaintiff contends, there was a breach of the bill of lading undertaking to avoid rough treatment, no damage to the unit is alleged to have resulted therefrom.

As to the Westinghouse demurrer the motion for judgment alleges that the sales agreement called for delivery F.O.B. plaintiff's job site. Delivery contemplates an entire relinquishment of control over the article by the seller, *Geoghegan Sons & Co.* v. *Arbuckle Bros.*, 139 Va. 92 (1924), and paragraph 6 of the motion to the effect that Westinghouse retained the right to "instruct" plaintiff as to the conditions under which plaintiff should not accept the shipment clearly justifies the inference that the delay occurred while Westinghouse still controlled the shipment and before actual delivery to plaintiff.

Since, under the allegation of the motion for judgment, the shipment, insofar as R. E. Lee and Westinghouse are concerned, was at all times prior to delivery at the risk of Westinghouse and since, under the allegations of the motion, the inspection was primarily for the benefit of Westinghouse and actually at the instance of Westinghouse it would appear that Westinghouse would be chargeable with demurrage during the period of inspection assuming, of course, that plaintiff can prove its allegations in this respect.

A further ground for demurrer is that damages other than demurrage are claimed but not specified. This point would be raised by motion for bill of particulars rather than by demurrer. Westinghouse further claims that the motion for judgment against this defendant sounds in both tort and contract. Even though it be assumed that this situation, if existing, would require an election, it does not here exist. The claim, insofar as it concerns Westinghouse is clearly based upon contract. For the above reasons the demurrer as to the defendant C. & O. Ry. will be sustained and as to the defendant Westinghouse it will be overruled.